(153 App. Div. 376.)

MOSKEWICT v. D. ALLEN'S SONS' ROPE CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

MASTER AND SERVANT (§ 121*)—INJURIES TO SERVANT—SAFE PLACE TO WORK —ASSUMPTION OF RISK.

> A master must guard machinery only where it is practicable, and where an accident is reasonably to be anticipated, and there is no requirement that it shall be made impossible for an accident to occur, so that where a machine was duplicated in a single frame, and there was a partition between the disc ends of revolving shafts in a space of four inches, and there was no requirement that the operator should intrude his hand into a space of less than two inches while the particular machine was in operation, the employer was not liable to a servant, familiar with the machine, for an injury caused by the hitting of her hand by a bolt on the revolving shaft of one machine at a time when she had stopped the other machine for the purpose of cleaning it.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

Appeal from Trial Term, Kings County.

Action by Annie Moskewict against the D. Allen's Sons' Rope Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Edward G. Nelson, of Brooklyn, for appellant.

E. Clyde Sherwood, of New York City (Joseph F. Murray, of New York City, on the brief), for respondent.

WOODWARD, J. The plaintiff has lost two of her fingers in an accident at the defendant's factory, and she seeks to recover damages therefor. The plaintiff could not read or speak English. She applied for a position through a Mrs. Sinkevich, a former employé of the defendant, and was put to work under the instructions of Mrs. Sinkevich, who taught her how to start and stop the machine used

in the making of rope, and then told her to watch the other girls, and to follow their example. Subsequently the plaintiff was sent to another floor of the factory to operate a similar machine, differing in some of its details, and there she was further instructed in the operation of the machine by one of the young women employed there, and for a period 'of five or six weeks she had been performing the work without mishap. On the 19th day of March, 1907, the plaintiff, who was then operating two machines in a single frame, 'stopped one of them, permitting the other to continue in operation, and commenced cleaning the same, as required by the regulations of the factory, and while so engaged one of her hands came in contact with a nut upon the end of a revolving shaft with a disc end, and as a result two of her fingers were injured so that they were subsequently amputated. The two machines contained in a single frame, had a space of about four inches between these revolving discs, and in this space of four inches 'there was a board or partition separating the same, and the contention here seems to be that the defendant was in some manner negligent in respect to this nut upon the end of a bolt fastening the disc to the revolving shaft. There is no claim that the machine was improperly constructed, or that it was defective, and there is no evidence which in any manner indicates that the defendant had any reason to anticipate that any one would come in contact with this nut. There was a partition between the machine in operation, and the one which had been stopped, and this disc on which the nut protruded, was being operated at about 1,500 revolutions per minute, on the opposite side of the partition from the machine which the plaintiff was engaged in cleaning, so that there was no opportunity for her to be injured by this nut, except when her hand was placed in the far side of the partition. It does not appear from the evidence that she was called upon to place her hand near the operating machine in the performance of any of the operations of cleaning the machine which had been stopped, and it is conceded upon the record that what the plaintiff was doing at the time, cleaning one machine while the other was left in operation, was proper practice, so that it is difficult to understand upon what possible theory the defendant could have been negligent. The proper guarding of machinery, under the provisions of the Labor Law, does not require the master to make it impossible that an accident shall occur. It is only where it is practicable, and where an accident is reasonably to be anticipated, that the master is required to guard machinery, and clearly where a machine is duplicated in a single frame, and there is a partition between the disc ends of revolving shafts, in a space of four inches, and it is not made to appear that there is any requirement that the operator shall intrude his hand into a space of less than two inches while the particular machine is in operation, it would not seem either practicable to provide a more efficient protection, nor reasonable to anticipate an accident. The end of the revolving shaft appears to have been properly protected. So long as the plaintiff confined herself to the cleaning of the machine which she had stopped for that purpose, and did not go beyond the guard board or partition, she was perfectly safe. She knew that the other

machine was running. She was familiar with its construction, and knew the nut was upon the revolving disc, and, if she carelessly inserted her hand between the partition or guard board, where she was not called upon to do so, we are unable to see any reason why the master should be called upon to pay her damages under the laws of this state.

The judgment appealed from should be affirmed, with costs. All concur.